come a nuisance, unless it was either negligently constructed or negligently maintained. In the case of Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398, the Court of Appeals decided that:

"It is clear that when it [an excavation in the public street] is made with the consent of the proper municipal officers, the rule of liability relaxes its severity, and rests upon the ordinary principles governing actions of negligence."

In the present case there is certainly no evidence of negligence in the construction of the opening, and I can find no evidence of negligence in its maintenance. The record fails to disclose the cause of the accident, or any condition in the opening previous to the accident which put upon the owner, in the exercise of his obligation to exercise reasonable precaution, the duty to make any repairs.

Judgment should therefore be reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.

---

(95 Misc. Rep. 530)

### WEISER v. MARMALAX MFG. CO.. Inc.

(Supreme Court, Appellate Term, First Department.　June 21, 1916.)

CORPORATIONS ⊂⇒545(2)—STOCK AND STOCKHOLDERS—PROHIBITED TRANSFER TO STOCKHOLDER—STATUTE.

A corporation's assignment of an account for goods sold, made to one of its officers and stockholders, did not authorize a finding of a violation of Stock Corporation Law (Consol. Laws, c. 59) § 66, where there was no evidence that the assignor had refused to pay any of its obligations, or that it was insolvent, or that its insolvency was imminent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2170; Dec. Dig. ⊂⇒545(2).]

Appeal from City Court of New York, Trial Term.

Action by Gustav Weiser against the Marmalax Manufacturing Company, Incorporated. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and a new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Max Winder, of New York City (Meyer Levy, of New York City, of counsel), for appellant.

Reuben Dorfman, of New York City, for respondent.

GUY, J.　The complaint alleges the sale and delivery of certain goods by A. Kupferschmid, Incorporated, to defendant, and that the account was assigned by the corporation to the plaintiff for a valuable consideration before the beginning of the action. The answer is a general denial.

The plaintiff's proof, aided by concessions of defendant, warrants a finding that plaintiff's assignor had a valid claim against defendant for a balance of account; and plaintiff put in evidence a written assignment of the claim executed under the seal of the corporation by its president, and duly proved before a notary public. Under the contract between plaintiff's assignor and the defendant the latter had a

right to return defective goods, and it seems that some goods were returned; but the account, which is annexed to the assignment, gives defendant credit for "cash payments and credits," and it does not appear that defendant was not credited with any returns that were made.

The learned trial judge, against the objection and exception of plaintiff, allowed defendant to introduce testimony for the purpose of showing that the transfer by the corporation to the plaintiff, one of its officers and stockholders, for an antecedent debt, came within section 66 of the Stock Corporation Law, declaring such a transfer under the circumstances stated in that statute to be void; and at the close of plaintiff's case, apparently on the ground that the transfer was in violation of the statute, he dismissed the complaint. The dismissal was error requiring a reversal of the judgment.

The provisions of section 66 of the Stock Corporation Law in so far as this controversy is concerned are applicable only to a corporation "which shall have refused to pay any of its notes or other obligations, when due," or, considered from the standpoint of a preference to one not an officer or stockholder, to an insolvent corporation or one whose insolvency is imminent, and the record contains no evidence that plaintiff's assignor had refused to pay any of its obligations, nor does it appear that the corporation was insolvent or its insolvency imminent. It follows that a finding by the court that the statute was violated by the assignment was unwarranted.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.